**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED



OCT 18 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEROME LEE PRINGLE, | No. 15-17223 |
| Petitioner-Appellant, | D.C. No. CV 14–0811–PHX–PGR (JZB) |
| v. | |
| CHARLES L. RYAN, ET AL., | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Paul G. Rosenblatt, District Judge, Presiding

Submitted October 16, 2017**
San Francisco, California

Before: TALLMAN, and CALLAHAN, Circuit Judges, and EZRA,*** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable David A. Ezra, United States District Judge for the
District of Hawaii, sitting by designation.

1

Jerome Lee Pringle ("Petitioner") appeals from the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254 ("Section 2254"). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

Petitioner was indicted for first degree murder and theft of means of transportation. The State noticed its intent to seek the death penalty given the "especially heinous, cruel, or depraved" nature of the offense. Defense counsel submitted a detailed "deviation" request. It also engaged in plea negotiations, but the State rejected counsel's initial proposals—including an offer that Petitioner plead guilty to second degree murder.

Ultimately, Petitioner agreed to plead guilty to both counts in the indictment in exchange for the State's promise to withdraw its intent to seek the death penalty, and that the trial court could choose between a natural-life sentence and a life sentence with the opportunity for parole. The state court accepted the plea agreement, and subsequently conducted a three-day sentencing hearing. Given the violent nature of Petitioner's crime, the state court sentenced Petitioner to natural-life imprisonment. Petitioner's *pro se* petition for post-conviction relief was denied, and the Arizona Court of Appeals denied relief in a memorandum decision. The Arizona Supreme Court summarily denied review.

Petitioner then filed a *pro se* habeas petition pursuant to Section 2254 in the District of Arizona, advancing three grounds for relief, all of which were denied.

Now, in his petition for review to this Court, Petitioner raises the same three issues, only the first of which was certified for appeal: whether he received ineffective assistance of counsel.[1]

The denial of Petitioner's ineffective assistance of counsel ("IAC") claim was neither "contrary to, [n]or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," nor was it "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014).

To prevail on an IAC claim, Petitioner must establish that (1) his counsel's performance was constitutionally deficient, and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The *Strickland* and Section 2254(d) standards are "highly deferential"—but "doubly so" when applied together. *See Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citations and internal quotations omitted).

---

[1] We treat Petitioner's briefing on the uncertified second and third claims as a motion to expand the certificate of appealability. *See* 9th Cir. R. 22-1(e). Because Petitioner has not made a "substantial showing of the denial of a constitutional right," the motion is denied. *See* 28 U.S.C. § 2253(c)(2); *Doe v. Woodford*, 508 F.3d 563, 567 (9th Cir. 2007). When Petitioner pled guilty, he waived his claims that his statements were improperly obtained in a "tainted" police interview, and that there was insufficient evidence of premeditation. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

3

The Arizona Court of Appeals properly found that Petitioner cannot satisfy *Strickland*'s first prong on any of his IAC claims. Petitioner argues that he was coerced into pleading guilty because counsel told him that, given his race, he would likely receive the death penalty. But the state court did not err in holding that discussions between Petitioner and counsel—even those that considered race—concerned trial strategy and thus did not rise to the level of constitutionally deficient counsel. *See Strickland,* 466 U.S. at 690 ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable[.]"); *see also Premo v. Moore*, 562 U.S. 115, 125 (2011) ("[S]trict adherence to the *Strickland* standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage.").

Petitioner further argues that counsel misjudged the evidence and submitted a dearth of motions. Here, too, the Arizona Court of Appeals properly held that this was a matter of trial strategy. *See id.* The denial of Petitioner's IAC claim was neither contrary to, nor an unreasonable application of clearly established federal law, nor an unreasonable determination of the facts. *See Hurles*, 752 F.3d at 777.

**AFFIRMED.**